### THE STATE v. JAMES CORBETT SMITH.

*Assault with intent to commit Rape—Indictment—Age of Consent—Proof—Good Character.*

A penetravit without emission is sufficient to constitute rape.

To constitute our statutory offence of felonious assault with intent to commit a rape, the circumstances must be such as to show that it would have been rape had the assailant carried out his attempt; for every ingredient of rape, except an actual penetravit, must be proved.

Where a female is under the statutory age of consent she is deemed incapable of consenting to sexual intercourse, and no evidence to the contrary can be received or considered by the jury.

In an indictment for assault with intent to commit rape it is not necessary to aver that the assaulted female was either under or of the age of consent. And on the trial the prosecution can prove the fact as it exists.

In doubtful cases, proof of previous good character should have due weight with the jury, but where proof of guilt is without doubt, previous good character will not avail to the benefit of the accused.

*(Kent County, October 1892.)*

James Corbett Smith (colored) was indicted for assault with intent to commit a rape upon Emma D. Middleton, a little girl about four and a half years old.

The uncontradicted testimony as produced on the part of the State showed the following facts: That on July 14, 1892, Mrs. Mary E. Middleton, the mother of the child alleged to have been assaulted, had placed Emma, after washing and dressing her, upon the back porch of the house; that shortly afterwards she went to the back porch and not seeing the child, called to her several times, but without eliciting any response; that on the day in question the prisoner at the bar had been ordered to assist her about the house, as was his custom, before going to work in the field; that at the time she missed her said child the prisoner was supposed to be engaged in carrying in wood from the wood pile, near at hand, to the kitchen of the farm house; that upon receiving no answer when she called

her daughter, Mrs. Middleton then called the prisoner's name several times, but he also failed to answer; that thereupon she looked from the porch across a low gate between the wood pile and the house toward the wood pile, when she saw the prisoner apparently on his all fours behind a low pile of wood in about the position he would be if picking up chips; that she immediately went to the place where she saw the prisoner, Smith, and in the very spot at which she first saw him she found little Emma apparently terrified, in tears, with her underclothes unbuttoned and also unmistakable evidence of the dastardly crime upon her garments; that the prints of the little girl's shoe heels were plainly visible in the soft earth where she was found as were also the toe prints of the prisoner; that she took the child into the house, changed her clothes and examined her private parts to see their condition; that she found the same red and apparently chafed; that within an hour after the occurence the family physician, Dr. William H. Cooper, was sent for who also examined the child with a view of ascertaining her condition, but who failed to find any evidence of penetration.

James D. Wright, a constable of Kent County, living at Kenton, testified that the prisoner was brought to his house by two citizens from Maryland early on the morning of Sunday, July 17th, and was brought by him to Dover and surrendered to the Sheriff of Kent County.

*John R. Nicholson,* Attorney General (to witness) : "Did he make any statement or confession in your hearing ?"

*John B. Penington,* for the defendant, (to witness): "Were those statements or confessions made in your presence, taken down in writing?"  A. "I do not know."

*Mr. Penington* (to the Court) : " I object; before he can prove this confession orally, he must prove that it was not reduced to writing.

The Court, GRUBB, J., overruled the objection on the authority of a decision in the case of the *State v. Vincent,* Houston's Delaware Reports of Criminal Cases, p. 11.

The witness then replied to the above question of the Attorney General by stating that the prisoner had confessed to him on his way to the jail that he had done this thing, and succeeded in effecting a discharge by rubbing between the child's legs.

The State here rested.

The defence offered several witnesses who testified as to the previous good character of the prisoner.

*Mr. Penington* then asked the Court to eliminate from the jury box all of the testimony adduced by the State, for the following reasons :

1. That the crime as charged is "Intent to commit a rape," whereas if it had been accomplished, it would not have been a rape; under this indictment it could not be sustained, because it has been perpetrated on a child under seven years of age; that indictment should have been drawn under the provision of the statute against carnally knowing and abusing a female child under seven years of age. *Paynter's Digest* (of 1874), Sec. 10, p. 766.

2. If the Court hold that the two statements in the Code are to be construed as a rape, then there are two classes of rape, and proof of one kind will not sustain a charge of rape of another kind, nor of intent to commit the other kind, nor even of assault; and evidence of this kind was not admissible.   50 *Black's Indiana Reports, Greer v. The State*, 267 ; 17 Iowa, 75 ; 82 Iowa, 749 ; 1 *Swann's Tennessee Reports*, 160, *State v. Cherry* ; 55 Alabama, 264, *Vasser v. The State.*

3. If rape consists solely and alone of the common law definition of rape as limited and controlled by the enactments, or the words which are adopted into Section 10 of the Revised Code, then an indictment for committing a rape upon a subject which is embraced in the definition of the other felony cannot be sustained or supported by evidence of that other felony or of an attempt to committ that other felony.   1 *Swan's Tenn. Reports*, 160, *State v.*

*Cherry*; 50 *Barber's Supreme Court Reports*, 128 to 134, *People v. Hugh Quinn.*

4. As to the question of intent; unless the jury shall believe that the accused in making the alleged assault intended to have criminal connection with the female, at all hazards, he cannot be convicted of an assault with intent to commit rape; in other words, if the jury believe at the time the assault was made, with the opportunity for perpetrating the offence visible or present, he made no effort to commit the act by attempting the penetravit,—then they cannot presume that the intent rested in his mind to commit the act. 1 *Russel and Ryan*, 130, *Rex v. Nichol.*

*John R. Nicholson*, Attorney General for the State, replied to the proposition that there is no law in this State to punish an outrage of this nature upon a female child under the age of seven years. The indictment was that the prisoner " did assault her, the said Emma D. Middleton, violently and against her will and with intent feloniously to ravish and carnally know," being an indictment for an assault with intent to commit a rape. The statute law of this State says : " That if any person shall assault any female with intent to commit rape, such person shall be deemed guilty of felony and punishable with death." *Hales Pleas the Crown*, 1st Volume, 1st Edition, page 628, defines the crime of rape; and the same authority at page 630, states that the carnal knowledge of a female child under the age of ten years is rape, either with or without her consent. The object of the statute of Elizabeth was merely to settle a disputed point as to the question of evidence where rape was committed upon a child under the age of ten years—whether it was incumbent upon the prosecution to prove affirmatively violence or whether it was to be conclusively presumed to be against her consent, citing 2 *Bishop on Criminal Law*, Sec. 1112 (referring to Statute of Eliz.); 18 Elizabeth, Chap. 7; 1 East Pleas the Crown; Sec. 1118, 2 *Bishop on Criminal Law*, (that the girl is never too

young, provided the rape is proved to have been committed on her);
1 Vol. Del. Laws, page 67, Sec. 5 (passed in 1719); Vol. 6, Del.
Laws, 711 (passed 1826 changing previous law regarding crime of
rape in Vol. 1); Vol. 14 Laws of Del., Chap. 125, p. 117 (passed
in 1871 further amending the law relating to rape); 4 Harrington,
565, *State v. Elias Handy*; 4 Gray (Mass. Reports) 7, *Common-
wealth v. James Sugland*; 1 Hill, 351, *Hayes v. The People*; 1
*Archibald's Criminal Practice and Pleading*, p. 1020 (top paging,
note; star paging, 312); 9 Carrington and Payne, 722, *Regina v.
Day* and other authorities.

GRUBB, J., charging the Jury:

*Gentlemen of the Jury:* This indictment which you are em-
paneled to try is founded upon Section 11 of Chapter 127 of the
Revised Statutes, which provides: "That if any person shall with
violence assault any female with intent to commit a rape, such per-
son shall be deemed guilty of felony." This indictment charges
that James Corbett Smith, the prisoner at the bar, a certain Emma
D. Middleton unlawfully, feloniously and with violence did assault
with intent her the said Emma D. Middleton violently and against
her will feloniously to ravish and carnally know, against the form
of the statute, etc.

Before you can find the prisoner guilty in manner and form as
he stands indicted, you must be satisfied, beyond a reasonable doubt,
from all the evidence produced at the trial of this case, *First,* That
the assault was made upon the said Emma D. Middleton, in the
manner described in this indictment; *Second,* That said assault was
made by the prisoner and, *Third,* That it was made upon her with
intent to commit a rape; and, within this County.

An assault is an unlawful attempt by force or violence to do
an injury to the person of another, and may be proved by evidence
of striking at another with or without a weapon or missile, and
whether the aim be missed or not, or by evidence of striking, kick-
ing or pushing at another with the fists, feet, privy member, or any

portion of the assailant's body, and the like, in a manner which conveys to the mind a well-grounded apprehension of personal violence ; the person so assaulted being within probable reach of the assailant or of the weapon or missile. There may be an assault without resulting personal injury ; since any unlawful attempt, coupled with a present ability, to commit a violent injury to the person of another, is an assault, though the assailant failed to commit the injury intended, owing to the interference of others, or otherwise.

But the charge in this indictment comprises not only an assault, but it goes further and alleges that an assault was made with a felonious intent to rape Emma D. Middleton. To constitute our statutory offence of felonious assault with intent to commit a rape, the circumstances must be such as to show that it would have been rape, had the assailant carried out his attempt ; for every ingredient of rape, except an actual penetravit, must be proved.

It is therefore necessary for the jury to be informed as to the definition and nature of the crime of rape. Rape, at common law, in this State, has been held to be the carnal knowledge of a woman above the age of ten years, against her will ; or of a female child, under the age of ten years with, or against her will, the law considering her incapable of consent. Formerly in the prosecution for rape it was held that both penetration and emission were necessary to constitute carnal knowledge, but now, under our statute, the carnal knowledge is deemed complete under proof of an actual penetravit only. While the slightest penetration is sufficient, yet there must be at least proof of some degree of entrance of the male organ within the *labia pudendum* of the female. Force, either actual or presumptive, is, in legal contemplation, an essential element of rape, whether it be committed on a female over or under the age of consent. Where the carnal knowledge is of a female of the age of consent, there must be actual proof, by either direct or circumstantial evidence, that it was consummated by force and against her will. But where she is under the age she is deemed incapable of

consenting to sexual intercourse, and therefore the law conclusively presumes that carnal knowledge of a female, under either the common law, or any statutory age of consent, has been accomplished by force and against her will; and no evidence to the contrary can lawfully be received or considered by the jury for the purpose of rebutting or overthrowing this presumption. So that in prosecutions for rape, when the fact of carnal penetration of a female under the age of consent is proven, the law conclusively presumes, without further proof, that force was used, and deems the crime complete when properly charged in the indictment. But upon proof of carnal penetration of a female of the age of consent,— that is, of seven years or more, in this State—the burden is upon the prosecution to further prove to the satisfaction of the jury, beyond a reasonable doubt, that the penetration was consummated by force and against her will, or by putting her in great fear and terror, before a conviction can be had. In the former case the existence of force is a presumption of law; in the latter, a conclusion of the jury from the actual evidence thereof submitted to them at the trial. The provision of Chapter 105, Vol. 14, Laws of Delaware, enacted March 28, 1871, in no wise altered the common law definition and application of rape in this State, except to lower the age of consent of a female child from ten to seven years, and to increase the punishment for carnally knowing and abusing a female child under seven years of age, from a non-capital to a capital grade. Our present statutory provisions for the punishment of the crime of rape are contained in Section 10 of Chapter 127 of the Revised Code, are as follows:

"Every person who shall commit the crime of rape, or who shall carnally know and abuse any female child under the age of seven years, shall be guilty of felony, and shall suffer death."

Both the offence of carnally knowing and abusing a female child under the age of seven years and that of carnally knowing a female above said age, by force and against her will, are rape, as they come within the common law definition of that offence. The

distinction between them relates solely, as just explained, to the character and amount of proof required to convict of the offence. Accordingly, under our present statutory provisions, prosecutions for rape may be sustained against any person properly charged in the indictment with carnally knowing any female either above or under the age of seven years; and so also may prosecutions under Section 11 of Chapter 127 of our Code, against any person properly charged with feloniously assaulting, with intent to commit a rape, any female either above or under said age.

This indictment under which the prisoner is tried, charges him with a felonious assault with intent to commit a rape, and in the usual and technical mode of alleging that offence. As the term rape, within the meaning and intent of said Section 10 of Chapter 127 of our Code, embraces all cases of the violation of females of any age, the said charge in this indictment manifestly includes those under, as well as of statutory age of consent. Its formal allegation of the assault upon the person therein named, with intent her ,violently and against her will, feloniously to ravish and carnally know, furnishes a description of the offence charged, sufficient to plainly and fully inform the prisoner of the nature and cause of the accusation against him, and to apprise him that he is required to be prepared to answer for an assault with intent to rape a female either under or of the age of consent, according as the proof of her age at the trial shall demand. Therefore it is not necessary in an indictment containing such an allegation, to aver that the female upon whom the said offence was alleged to have been committed was either under or of the age of consent. It is competent for the prosecution to prove that such female was either under or of said age, as the fact may be, although such indictment contains no such averment; for it is sufficient without it.

In the case now before you the prisoner is indicted, not for rape, but for an assault with intent to commit a rape. As already stated to you, every ingredient of rape, except an actual penetration must be shown to exist, otherwise the prisoner cannot be convicted

of said offence. It is the specific, felonious intent to commit a rape which constitutes the offence as charged in this indictment. Therefore, said intent to commit a rape on the body of Emma D. Middleton is a material fact alleged by the State, and is as necessary to be proved by the prosecution, to the satisfaction of the jury, beyond a reasonable doubt, as any other essential ingredient of the offence alleged in this indictment, in order to obtain the conviction of the acccused in manner and form as he stands indicted. Such specific, felonious intent may be proved by direct evidence, such as the express confession of the accused that he committed the alleged assault, with the intent charged. It may also be established by indirect, or circumstantial evidence; that is, it may be inferred by the the jury from the proven acts and conduct of the prisoner, and the facts and circumstances attending them, which reasonably indicate the alleged intent to commit a rape. The loathsome and shocking details of this alleged offence are all in evidence before you; the lascivious assault, the seminal discharge, the place of probable concealment, the child's tender age, her exhibition of terror and tears, the condition of her private parts and of her clothing, and other circumstances, from which, in connection with all the evidence in this case, you are to draw your conclusion in reaching your verdict.

If you shall be satisfied, beyond a reasonable doubt, from all the evidence before you, that the prisoner placed his privy member against the person of Emma D. Middleton, she then being under the age of seven years, with intent to commit a rape upon her, you may find him guilty in manner and form as he stands indicted; and it will be no defence, if at the time of said assault he intended to commit a rape upon her, that he afterwards desisted and abandoned such intent, either because of inability to effect a penetravit or because he was prevented by the interference of the child's mother, or from any other cause. But if you shall not be so satisfied that he made said assault, with intent to commit a rape upon her, but shall believe that he made it with some other intent, then you may find him guilty of an assault only.

With respect to verbal confessions of the accused, it is proper here to say that they are to be received with due caution. The degree of credit due to them is to be estimated by the jury, under the circumstances of each case. The whole of what the prisoner said on the subject, at the time of making the confession, should be taken together. The jury may believe that part which criminates the accused and reject that part which is in his favor, or *vice versa*, if they see sufficient grounds for doing so; for the jury are at liberty to judge of a confession like other evidence—that is, in connection with all the circumstances of the case.

In reference to evidence of the prisoner's good character, it may also be observed that it is always admissible. In doubtful cases,—as where there is great conflict of testimoney on material and essential points, or where the evidence for and against the accused is pretty nearly balanced,—former good character, if proved is entitled to due weight, and should incline the scales in favor of the prisoner. But where the facts proved are such as to satisfy the minds of the jury of the guilt of the accused, character, however excellent, is entitled to very little, if any, consideration or weight.

Gentlemen of the jury, you are now to determine, from all the evidence before you, whether or not the assault charged in this indictment was made, and by the prisoner; and also whether or not he made it with intent to commit a rape on the body of Emma D. Middleton, and in this County. Under this indictment, you may find him guilty in manner and form as he stands indicted, or guilty only of assault,—according as, in your judgment, the evidence may warrant; but if you do not find him guilty of either, your verdict should be, not guilty.

In conclusion, it is our duty to remind you that every accused person is presumed to be innocent until proven guilty, beyond a reasonable doubt; but by this is meant, not a vague or fanciful doubt, but such a doubt only as sensible and impartial men may conscientiously entertain after a careful consideration of all the evidence.

Verdict guilty.